# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:19-cr-00166-RJC-DSC

| | |
|---|---|
| **LOREN PARNELL HENDERSON,** | ) |
| Petitioner, | ) |
| vs. | ) **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's "Motion To Preserve 18 U.S.C. 922(G)(1) Issue That Is Sure To Reach The United States Supreme Court" [Doc. 30], which the Court construes as a Motion to Vacate under 28 U.S.C. § 2255.

On November 7, 2019, Petitioner Loren Parnell Henderson ("Petitioner") pleaded guilty without a plea agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). [Docs. 4: Superseding Bill of Indictment; 11/7/2019: Minute Entry]. On August 6, 2020, he was sentenced to a term of imprisonment of 84 months. [Doc. 24]. Petitioner did not file a direct appeal.

Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 on March 12, 2024. [Doc. 30]. In his motion to vacate, Petitioner seeks "to preserve a right to challenge the constitutionality of [his § 922(g)(1)] conviction and sentence." [Doc. 30]. Petitioner argues that "there is constant and ongoing litigation regarding the possesion [sic] of firearm by convicted felon cases in numerous circuits, around the country, and this has all culminated in a couple of cases now pending befor [sic] the Supreme Court of the United States." [Id. at 1]. Petitioner points to

"United States v. Glen Price (Case No. 22-cr-240)," in which the district court "granted a motion to dismiss the indictment of a 922(G)(1) case as unconstitutional," and "Williams v. Garland, No: 17-cv-2641 (E.D. PA 11-14-23)," in which "the court ruled that Williams was 'wrongfully convicted' of the charge."[1] [Doc. 30-2 at 1]. Petitioner also argues that, in <u>New York Rifle & Pistol Assn., Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022), the Supreme Court "greatly expanded Second amendment Protections by imposing a new constitutional test requiring gun law to be 'historically' consistent with laws on the books in the 17th and 18th centuries." [Doc. 30 at 1-2].

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Here, Petitioner purports to preserve his rights relative to unidentified cases currently pending before the Supreme Court. Petitioner's motion is ineffectual and unnecessary. This Court cannot "preserve" theoretical rights to relief under 28 U.S.C. § 2255. If and when Petitioner believes he is presently entitled to relief under § 2255, he may file a proper motion at that time.[2]

---

[1] <u>Williams</u> is currently on appeal to the Court of Appeals for the Third Circuit. <u>See</u> <u>Williams v. Garland, et al.</u>, No. 17-cv-2641, 2023 WL 7646490 (E.D. Pa. Nov. 14, 2023). The District Court's decision in "Price" has not been appealed. <u>See</u> <u>United States v. Prince</u>, No. 22 CR 240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023).

[2] To the extent Petitioner seeks relief under <u>Bruen</u>, his motion is meritless and untimely in any event. <u>See</u> <u>Hemphill v. United States</u>, No. 3:20-cr-00332-RJC-DSC, 2024 WL 925551, at *2 (W.D.N.C. Mar. 4, 2024); 28 U.S.C. § 2255(f)(3).

See 28 U.S.C. § 2255(f)(3).  The Court will dismiss Petitioner's motion without prejudice and without addressing its merits.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 30] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge